ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:     (702) 634-5000
Facsimile:      (702) 380-8572
Email: ariel.stern@akerman.com

BRIAN P. MILLER, ESQ.
SAMANTHA J. KAVANAUGH, ESQ.
*Admitted Pro Hac Vice*
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone:  (305) 374-5600
Facsimile    (305) 374-5095
Email:  brian.miller@akerman.com
Email:  samantha.kavanaugh@akerman.com

*Attorneys for Defendants Liberator Medical Holdings, Inc., Mark Libratore,*
*Jeannette Corbett, Tyler Wick, Ruben Jose King-Shaw, Jr. and Philip Sprinkle*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANAT SAPAN and FALKO HOERNICKE, Individually and On Behalf of themselves and All Others similarly Situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>LIBERATOR MEDICAL HOLDINGS, INC.; MARK LIBRATORE; JEANNETTE CORBETTE; TYLER WICK; RUBEN JOSE KING-SHAW, JR; PHILIP SPRINKLE; C.R. BARD, INC.; FREEDOM MERGERSUB, INC.,<br><br>                    Defendants. | Case No.:     2:15-cv-02484-APG-CWH<br><br>**STIPULATED          CONFIDENTIALITY AGREEMENT    AND    PROTECTIVE ORDER** |

...

...

...

...

1

Pursuant to Rule 26(c), Federal Rules of Civil Procedure, the undersigned parties stipulate to, and jointly move the Court to enter, a Stipulated Confidentiality Agreement and Protective Order governing the exchange and use of certain confidential documents and information in this case. The parties agree that entry of a Stipulated Confidentiality Agreement and Protective Order is necessary to preserve the confidentiality of certain confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action would be warranted. The unrestricted disclosure of such information would cause undue damage to the parties and their businesses. Accordingly, the parties respectfully request that the Court enter the proposed Stipulated Confidentiality Agreement and Protective Order.

Pursuant to the Stipulation contained herein by and among the Parties, it is hereby ORDERED that, pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the following provisions shall govern confidentiality as follows:

1.      The following definitions apply to terms used in this Stipulated Confidentiality Agreement and Protective Order (the "Order").

(a)      "Litigation" means Anat Sapan v. Liberator Medical Holdings, Inc., Case No. 2:15-cv-02484-APG-CWH (D. Nev.).

(b)      "Documents" or "Information" mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, materials, testimony, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation.  A draft or non-identical copy is a separate document within the meaning of these terms.

(c)      "Producing Party" means any person or entity who provides, serves, discloses, files, or produces any Documents or Information in this Litigation.

(d)      "Receiving Party" shall mean any Party who receives any such Documents or Information.

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

(e)     The Parties agree that, in conjunction with the discovery proceedings in this Litigation, a Party in the Litigation or the Producing Party may, in good faith, designate Documents and Information as "Confidential Information" under the terms of this Order.   Confidential Information shall not be provided or made available except as permitted by, and in accordance with, the provisions of this Order.   Confidential Information is information that contains trade secret, proprietary, and/or sensitive business or personal information or other legally protected information.

2.     Confidential Information may not be used for any purpose other than the prosecution or defense of this Litigation.

3.     Documents and Information deemed to be Confidential Information may be designated and marked as either "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY."   Confidential Information related to proprietary, trade secret, confidential research, development, business, financial or commercial information may be designated as "CONFIDENTIAL/ATTORNEYS' EYES ONLY."   Other Confidential Information may be designated as "CONFIDENTIAL."   A Party in the Litigation or the Producing Party may designate Documents or Information as "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" within thirty (30) days after the production or receipt of such Documents or Information. Any objection to a designation of "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" of all or any portion of a Document or Information will be handled under Paragraph 11 below.

4.     Documents or Information designated "CONFIDENTIAL" shall be shown only to the following persons:

(i)     this Court and any appellate court reviewing a decision from this Litigation, including court personnel, jurors and alternate jurors, following the procedures of Paragraph 12 below;

(ii)    attorneys of record to the Parties of this Litigation (including their associates, legal assistants, secretaries, and other office employees);

(iii)   court reporters as required in the course of a deposition or court proceeding in this Litigation;

AKERMAN LLP

1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

3

(iv)    outside vendors or service providers retained by attorneys of record to the Parties of this Litigation, such as copy service providers;

(v)    the Parties to this Litigation;

(vi)    any person called or to be called as a witness at a deposition, hearing or the trial in this Litigation;

(vii)    any non-Parties who either authored, or received the Confidential Information in the normal course of business;

(viii)    experts (including their secretaries and other office employees), advisors or consultants retained by counsel to any Party in this Litigation; or

(ix)    the insurer for any Party and its attorneys (including secretaries and other office employees).

5.    Documents designated "CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall be shown only to the following persons:

(i)    this Court and any appellate court reviewing a decision from this Litigation, including court personnel, jurors and alternate jurors, following the procedures of Paragraph 12 below;

(ii)    outside counsel to the Parties of this Litigation (including their associates, legal assistants, secretaries, and other office employees);

(iii)    court reporters as required in the course of a deposition or court proceeding in this Litigation;

(iv)    copy service providers retained by attorneys of record to the Parties of this Litigation;

(v)    the Producing Party that produced the specific "CONFIDENTIAL/ATTORNEYS' EYES ONLY" document in this Litigation; or

(vi)    experts (including their secretaries and other office employees), advisors, or consultants retained by counsel to any Party in this Litigation. ...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

4

6.      Before Confidential Information is disclosed to any person or entity under Paragraphs 4(vi), 4(vii), 4(viii), or 5(vi) of this Order, each such person or entity shall be given a copy of this Order and shall execute a copy of the form attached hereto as Exhibit A ("Confidentiality Agreement"). The Confidentiality Agreement shall be retained by the Party disclosing Confidential Information to such person.   Confidential Information may be disclosed only to the extent reasonably necessary to enable the person or entity to assist in the prosecution or defense of this Litigation.

7.      Any person or entity covered by this Order hereby agrees to the restrictions imposed by this Order and to submit his or her person to the jurisdiction of the above-titled Court for the limited purpose of securing compliance with the terms of this Order.

8.      Any Party designating any person or entity as one who shall receive and review Confidential Information under Paragraphs 4(vi), 4(vii), 4(viii), or 5(vi) of this Order shall use reasonable care and precaution to insure that each such person or entity observes the terms of this Order.

9.      Counsel for any Party, person, or entity who obtains or gains access to Confidential Information, whether directly or indirectly, by viewing the materials or by learning of their contents by oral disclosure or any other means, shall maintain, possess, and control such Confidential Information in a manner such that it is not accessible to individuals or entities not bound by this Order.   Such counsel shall not, in any way, directly or indirectly communicate such Confidential Information to persons or entities not authorized to have access to such Confidential Information.

...

...

...

...

...

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

10.     At the time of a deposition in this matter or thirty (30) days thereafter, a Party may designate as "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" specific portions of the testimony which contain Confidential Information.  If a witness is providing or is provided Confidential Information during a deposition, counsel for a Party or the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the Confidential Information leave the deposition room during that portion of the deposition.  Failure of any person to comply with such a request will constitute sufficient justification from the witness to refuse to answer the question, or for a Party or the Producing Party to demand that Confidential Information not be provided to the witness, pending resolution of the issue.  Any portions of a transcript designated "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall be separately bound, endorsed "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" and treated as a confidential document in accordance with this Order.

11.     If a Party believes that a document or transcript designated or sought to be designated "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" by the Producing Party does not warrant such designation, it shall serve written notice on the Producing Party of its objection to such confidential designation.  The written notice shall identify the Confidential Information and the basis upon which the objection is made.  The Parties shall make a good faith effort to resolve such dispute without Court intervention.  In the event that such a dispute cannot be resolved by the Parties within fourteen (14) days after the time the notice is received, the Party challenging the designation may make application with the Court challenging the designation.  The document or transcript will be treated as Confidential Information as designated by the Producing Party until ruled upon by the Court.  The burden rests upon the Party seeking confidentiality to demonstrate that such designation is proper.

...

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

12.     In the event a Party wishes to file a document, transcript or thing containing Confidential Information with the Court or to use such information in a hearing, trial, or other appearance before the Court, for any purpose, the Parties agree to follow the applicable court rules and, to the extent necessary, file the Confidential Information with the Court under seal, in accordance with the Court's provisions.  Any confidential materials that are filed with the Court, and any pleading, motion, or other paper filed with the Court containing or disclosing any such confidential material shall be filed under seal and shall bear the legend:

**THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION/MATERIAL COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER.  THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT THE EXPRESS ORDER OF THE COURT**.

Any document submitted to the Court utilizing this procedure shall thereby become a part of the record.  In the event that the Court does not permit the filing under seal of the materials designated as containing Confidential Information, and the materials are publicly filed, the Party designating the materials as Confidential Information reserves its right to continue to assert that the materials are Confidential Information elsewhere.

13.     In filing materials with the Court in pretrial proceedings, counsel shall, with the permission of the Court, file under seal only those specific documents and deposition testimony designated "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" and only those specific portions of briefs, applications, and other filings which contain verbatim "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" data or which set forth the substance of such "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" information.

...

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

14.     All information that was produced or provided by any Party to an opposing Party prior to the entry of this Order, which is designated as Confidential Information within thirty (30) days of the entry of this Order, is subject to the terms and conditions of this Order.  Disclosure of such Confidential Information prior to such designation, if known, shall be reported to the Party or Producing Party designating the information "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" immediately following such designation.

15.     In the event that any Party receives a request, or is required (by deposition, interrogatory, request for production of documents or things, subpoena, civil investigative demand, or similar process) to disclose all or any part of information which is designated as Confidential Information (the "Request"), such Party shall (a) notify all Parties to this Litigation of the existence, terms, and circumstances of the Request within five (5) business days, (b) forward a copy of the Request to counsel for the Producing Party whose Confidential Information is sought, and (c) as permitted by applicable rule, object to production on the basis of this Protective Order.   No disclosure of the Confidential Information is permitted by the Party who received the Request without final order from the Court, after notice, requiring such disclosure, provided, however, that the Producing Party shall have the burden and responsibility of moving for appropriate relief and/or opposing any motion or other request for the production of Confidential Information.

16.     This order shall be binding upon any future Parties to this Litigation, and when a copy is provided to the same, upon any non-Party witness subpoenaed to produce documents and/or to testify in this Litigation.

17.     Nothing herein shall prevent any Party to this Litigation from making application to the Court for a protective order before or at trial.

18.     This Order shall survive any settlement, judgment, or other disposition or conclusion of this Litigation and all appeals therefrom and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Within sixty (60) days after the final termination of this Litigation, whether by final judgment, or settlement, including the expiration of time for any appeal, counsel for each Receiving Party shall return all "Confidential" documents it has received to counsel for the Producing Party or, upon written request by the Producing Party, shall destroy all such information and certify to counsel for the Producing Party that such destruction has occurred.  However, counsel for the Receiving Party may retain:

(a)     any attorney work product; and

(b)     copies of any pleadings, motions, briefs, declarations, affidavits, and deposition transcripts that contain, attach, or append documents designated confidential, but only to the extent necessary to preserve a file with respect to this lawsuit.  Any retained information shall continue to be treated as Confidential Information pursuant to the terms of this Order.

19.     Nothing in this Order shall prevent a Party or non-Party who has designated information as Confidential Information from agreeing to release any of the Confidential Information from the requirements of this Order.

20.     This Order has no effect upon, and its scope shall not extend to, any Party or non-Party's use of its own Confidential Information nor shall counsel for either Party be precluded from showing or using Confidential Information obtained from the opposing Party during examination, at deposition or trial or other Court proceeding, of any officer, employee, or retained expert of the Party who designated the information confidential; provided, however, that in the case of trial or other Court proceeding the Party who wishes to use such information shall follow the procedures of Paragraph 12 hereof and any ruling from the Court regarding the use of such information.

21.     Nothing in this Order shall prevent the Parties from agreeing to amend this Order, or prevent any Party from moving for an amendment of this Order, either during or after the conclusion of this Litigation, or shall prejudice in any way the rights of a Party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that Party may consider appropriate.  This Stipulation shall constitute a binding agreement between the Parties prior to and without regard to whether it is ultimately entered by the Court.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

22.      The inadvertent, unintentional, or *in camera* disclosure of Confidential Information or documents marked as "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall not be deemed a waiver, in whole or in part, of the Producing Party's claims of confidentiality as to the documents. The failure of any Party hereto to enforce at any time any provision of this Order shall not be construed as a waiver of such provision, nor be construed to affect the validity of this Order or the right of any Party thereafter to enforce each and every provision of this Order.  No waiver of any breach of this Order shall be held to constitute a waiver of any other breach.  The inadvertent failure to mark a document "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" may be corrected at any time by supplemental written notice to the Party to whom the Confidential Information has been produced that such document or information is confidential and subject to the terms of this Order.

23.      The inadvertent or unintentional disclosure or production of any privileged information or document by any Party shall not constitute a waiver or impairment of any claim of privilege (including the attorney-client privilege or work product doctrine) concerning any such information or documents or the subject matter thereof.  If privileged information or documents are inadvertently or unintentionally disclosed or produced, the privileged materials, together with all copies, shall be returned to the Producing Party as soon as practicable after demand from the Producing Party.

24.      Nothing contained in this Order and no action taken pursuant to this Order shall prejudice the right of any Party to contest the alleged relevance, admissibility, or discoverability of documents marked "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" or containing Confidential Information.

...

...

...

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1   DATED this 29th day of July, 2016.           DATED this 29th day of July, 2016.

2   **MUEHLBAUER LAW OFFICE, LTD.**              **AKERMAN LLP**

3

4   */s/Andrew Muehlbauer, Esq.*(with permission)   */s/ Ariel E. Stern, Esq.*_____
    ANDREW MUEHLBAUER, ESQ                        ARIEL E. STERN, ESQ.

5   Nevada Bar No. 10161                          Nevada Bar No. 8276
    7915 West Sahara Ave., Suite 104              1160 Town Center Drive, Suite 330

6   Las Vegas, NV 89117                           Las Vegas, Nevada 89144
    Telephone: (702) 330-4505                     Telephone:    (702) 634-5000

7   Facsimile: (702) 825-0141                     Facsimile:    (702) 380-8572
    Email: andrew@mlolegal.com                    Email: ariel.stern@akerman.com

8

9   Of Counsel:

10                                                BRIAN P. MILLER, ESQ.
    GUSTAVO F. BRUCKNER, ESQ.                     SAMANTHA J. KAVANAUGH, ESQ.

11  Admitted *Pro Hac Vice*                       *Admitted Pro Hac Vice*
    POMERANTZ LLP                                 AKERMAN LLP

12  600 Third Avenue                              Three Brickell City Centre
    New York, NY 10016                            98 Southeast Seventh Street, Suite 1100

13  Telephone: (212) 661-1100                     Miami, FL 33131
            Email: gfbruckner@pomlaw.com          Telephone:  (305) 374-5600

14                                                Facsimile (305) 374-5095
                                                  Email: brian.miller@akerman.com

15  *Attorneys for Plaintiffs Anat Sapan and*     Email: samantha.kavanaugh@akerman.com
    *Falko Hoernicke*

16

17                                                *Attorneys for Defendants Liberator Medical Holdings,*
                                                  *Inc., Mark Libratore, Jeannette Corbett, Tyler Wick,*

18                                                *Ruben Jose King-Shaw, Jr. and Philip Sprinkle*

19

20

21

22

23

24

25

26

27

28

DATED this <u>29th</u> day of July, 2016.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

<u>/s/ Jeffrey S. Rugg, Esq.</u> (with permission)
JEFFREY S. RUGG, ESQ.
Nevada Bar No. 10978
BENJAMIN K. REITZ, ESQ.
Nevada Bar No. 13233
100 North City Parkway, Suite 1600
Las Vegas, NV 89106
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
Email: jrugg@bhfs.com
Email: breitz@bhfs.com

John A. Neuwirth, Esq.
*Pro Hac Vice* Application to be Submitted
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Email: john.neuwirth@weil.com

*Attorneys for Defendants C.R. Bard, Inc.*
*and Freedom MergerSub, Inc.*

**<u>ORDER</u>**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

August 1, 2016
_____
**DATED**

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1
2
**EXHIBIT A**

3        I, _____, hereby acknowledge that: (a) I have read the

4   foregoing Stipulated Confidentiality Agreement and Protective Order (the "Order") which I am

5   informed has been entered in the Litigation presently styled *Anat Sapan v. Liberator Medical*

6   *Holdings, Inc.*, Case No. 2:15-cv-02484-APG-CWH (D. Nev.); (b) I understand the terms of the

7   Order; (c) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by such

8   terms; and (d) I irrevocably submit my person to the jurisdiction of the above-entitled Court for the

9   purpose of securing compliance with the terms and conditions of the Order.

10
11
12
13  DATE                                SIGNATURE

14
15
16                                      _____

17                                      PRINTED NAME

18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 29th day of July, 2016, I served via CM/ECF electronic filing system, and/or deposited for mailing in the U.S. Mail postage prepaid, a true and correct copy of the foregoing **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** addressed as follows:

| | |
|---|---|
| Gustavo F. Bruckner, Esq.<br>Admitted *Pro Hac Vice*<br>Pomerantz LLP<br>600 Third Avenue<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>Email: gfbruckner@pomlaw.com<br><br>*Attorneys for Plaintiffs* | Andrew R. Muehlbauer, Esq.<br>Muehlbauer Law Office, Ltd.<br>7915 W. Sahara Avenue, Suite 104<br>Las Vegas, NV 89117<br>Telephone: (702) 330-4505<br>Facsimile: (702) 825-0141<br>Email: andrew@mlolegal.com<br><br>*Attorney for Plaintiffs* |
| Jeffrey S. Rugg, Esq.<br>Benjamin K. Reitz, Esq.<br>Brownstein Hyatt Farber Schreck<br>100 N. City Pkwy., Suite 1600<br>Las Vegas, NV 89106<br>Telephone: (702) 464-7023<br>Facsimile: (702) 382-8135<br>Email: jrugg@bhfs.com<br>Email: breitz@bhfs.com<br><br>*Attorneys for Freedom MergerSub, Inc. and C.R. Bard, Inc.* | John A. Neuwirth, Esq.<br>*Pro Hac Vice* Application to be Submitted<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Email: john.neuwirth@weil.com<br><br>*Attorneys for Freedom MergerSub, Inc. and C.R. Bard, Inc.* |

*/s/ Allen G. Stephens*
An Employee of AKERMAN LLP